IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:99-CR-68-3H
No. 5:16-CV-265-H

TOMMY CARNEL GENERAL,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's successive motion to vacate under 28 U.S.C. § 2255, [DE #256]. The government filed a motion to stay, [DE #264], and the court granted the motion, staying the matter pending the Supreme Court's resolution of United States v. Beckles, 137 S. Ct. 886 (2017). [DE #265].[1] The court entered a briefing order following the Supreme Court's decision in Beckles. [DE #271]. Petitioner filed a motion for leave to file a supplemental brief, [DE #273], which was granted by this court, [DE #274], and the supplement will be considered herein. The government filed a response to the court's briefing order, construed by the court as a motion to dismiss, [DE #275].

---

[1] The Office of the Federal Public Defender filed a notice of appearance for the limited purpose of representation in light of Johnson v. United States, 135 S. Ct. 2551 (2015), as set forth in Standing Order 15-SO-02, [DE #267], and subsequently filed a motion to withdraw as counsel on the basis that no motions would be filed in light of Beckles. [DE #269]. This motion was granted by the court. [DE #270].

Petitioner moved in opposition to the government's response, [DE #276], moving the court to stay the matter, which stay was granted, pending the resolution of United States v. Brown, 868 F.3d 297, 298 (4th Cir. 2017), reh'g en banc denied, 891 F.3d 115 (4th Cir. 2018), cert. denied, 139 S. Ct. 14 (2018). [DE #277]. The stay was lifted by court order on December 18, 2018. [DE #278]. Petitioner was allowed 45 days to respond to the government's motion to dismiss, [DE #275]. [DE #278].

## BACKGROUND

On August 24, 1999, pursuant to a signed Memorandum of Plea Agreement, petitioner pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base (crack), and other controlled substances, in violation of 21 U.S.C. § 846 (Count One) and using or carrying a firearm during and in relation to a drug trafficking crime, and aiding and abetting, in violation of 18 U.S.C. §§ 924 (c)(1) and (2) (Count Two). [DE #66]. Petitioner filed a motion to withdraw his guilty plea, [DE #63], to which the government responded, [DE #65]. This court denied the motion to withdraw at a hearing on January 11, 2000. He was sentenced by this court to a term of imprisonment of 460 months on January 12, 2000. [DE #66].

Petitioner appealed to the Fourth Circuit where both his conviction and sentence were affirmed. See United States v.

General, No. 00-4091, 40 F. App'x 859, 2002 WL 1611236 (4th Cir. July 23, 2002) (unpublished), cert. denied, 537 U.S. 1061 (Dec. 2, 2002). [DE #104 and #105]. On December 1, 2003, petitioner filed his first motion to vacate pursuant to 28 U.S.C. § 2255, which was denied. [DE #126]. Petitioner appealed the denial and the Fourth Circuit dismissed the appeal. [DE #132]. On February 10, 2016, petitioner's sentence was reduced to 324 months by this court's order pursuant to 18 U.S.C. § 3582(c)(2). [DE #253].

On May 13, 2016, petitioner filed this instant successive motion to vacate pursuant to 28 U.S.C. § 2255, [DE #256], arguing he was no longer a career offender under United States Sentencing Guidelines ("USSG") § 4B1.2 as the residual clause in Armed Career Criminal Act was invalidated pursuant to Johnson v. United States, 235 S. Ct. 2551 (2015). The Fourth Circuit granted permission for petitioner's successive § 2255 motion. [DE #266].

## COURT'S DISCUSSION

In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) ("Armed Career Criminal Act" or "ACCA"). Johnson, 135 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review. Petitioner filed his motion within one year of Johnson. However,

3

in Beckles v. United States, 137 S. Ct. 886 (2017), the Supreme Court declined to extend its ruling in Johnson to the residual clause of USSG § 4B1.2(a). After Johnson and Beckles, the Fourth Circuit addressed a petitioner's argument who was sentenced under then-mandatory sentencing guidelines. Brown, 868 F.3d at 302-03. The petitioner in Brown argued that the residual clause of USSG § 4B1.2 was invalidated pursuant to Johnson, because the mandatory sentencing guidelines carried the weight of a statute and thus should be rendered void for vagueness. Id. The Fourth Circuit rejected this argument noting that Johnson did not extend to invalidate the residual clause of the mandatory guidelines. Id.

In this matter, petitioner was not sentenced under the ACCA, so Johnson and Welch do not afford relief to petitioner. While petitioner was sentenced as a career offender pursuant to USSG § 4B1.2, Beckles does not provide relief to petitioner because the Supreme Court declined to extend Johnson to invalidate the residual clause of § 4B1.2. Thus, petitioner's argument that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) is without merit, and the timeliness of petitioner's motion is governed by 28 U.S.C. § 2255(f)(1).

Petitioner's judgment became final on December 2, 2002, the date his petition for certiorari was denied by the United States Supreme Court. See Clay v. United States, 537 U.S. 522, 527 (2003)

4

("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." (internal citations omitted)). The court notes petitioner's instant § 2255 motion was not filed until May 13, 2016, well more than a year after petitioner's judgment became final. Therefore, petitioner's motion is untimely and must be dismissed.

## **CONCLUSION**

For the foregoing reasons, the government's motion to dismiss, [DE #275], is GRANTED. Petitioner's motion, [DE #256], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack, 529 U.S. at 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's

dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 5th day of August 2019.

*Malcolm J. Howard*
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35